# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

BRANDON H. WARFIELD, #139967,　\*

Plaintiff　\*

v　\*　Civil Action No. PWG-18-3240

HARFORD COUNTY DETENTION CENTER,\*
JEFFERY R. GAHLER, Sheriff,[1]
MICHAEL CAPASSO, Warden,　\*
MICHAEL SILER, Captain,
　\*
Defendants
　\*\*\*

## MEMORANDUM OPINION

Since February 21, 2018, Plaintiff Brandon H. Warfield has been detained at the Harford County Detention Center ("Detention Center"). Compl. 2, ECF No. 1. In a verified Complaint, Warfield alleges that he lacks direct access to the law library and the information he receives upon request often is "wrong." *Id.* Warfield complains the legal materials housed in the library are outdated and various pages have been ripped from its books. *Id.* at 3.[2] He states he is depressed and anxious because he is unable to "provide for [his] defense," *id.*, and he seeks unspecified compensatory and punitive damages and injunctive relief against the Harford County Detention Center, Sheriff Jeffery R. Gahler, Warden Michael Capasso, and Captain Michael Siler for alleged violation of his civil rights under 42 U.S.C. § 1983. Compl. 4; Suppl. Compl., ECF No. 6 (naming defendants).

Defendants have filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 9, and Warfield has filed an opposition, ECF No. 11. A hearing is not needed to resolve

---

[1] The Clerk shall amend the docket to reflect the full and proper spelling of Defendants' names.

[2] This Memorandum Opinion cites to the pagination assigned by the Court's electronic docket.

this case. *See* Loc. R. 105.6 (D. Md. 2018). Defendants provide several defenses to suit, including that Warfield fails to allege that he was harmed from the purported denial of access to which he was entitled. Missing from their analysis, however, is an argument that Warfield actually had the access to which he was entitled, which I now consider *sua sponte*. Because Warfield had legal assistance, he cannot state a claim for denial of access to the law library. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977), *abrogated in part on other grounds by Lewis v. Casey*, 518 U.S. 343, 354 (1996); *see also Lewis*, 518 U.S. at 350–51. Accordingly, Defendants' motion, treated as a motion to dismiss, is granted, and Warfield's Complaint, as amended, is dismissed.

## Standard of Review

Warfield's claims are subject to dismissal if they "fail[] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Likewise, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." Thus, Warfield's complaint must allege enough facts to state "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the Complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). When, as here, the plaintiff is detained or

2

imprisoned by the state, this Court may take judicial notice of the state court docket. *See* Fed. R. Evid. 201(b)(2).

## Analysis

It is well established that prisoners have a constitutional right of access to the courts, *Bounds*, 430 U.S. at 828, and that right has been extended beyond the scope of the "constitutionally and statutorily protected availability of the writ of habeas corpus." *See Johnson v. Avery*, 393 U.S. 483, 489–90 (1969).[3] Although this right has been extended to provide a right of access to an adequate law library, it is not absolute: if the state provides adequate legal assistance, it need not provide access to a law library, even if the individual is proceeding as a self-represented litigant in a criminal case. *See Almond v. Davis,* 639 F.2d 1086, 1090 (4th Cir. 1981) (holding that record supported district court conclusion that, where plaintiff had "access to attorneys appointed pursuant to [state law] who were ready and willing to advise him at all times" but did not have access to an adequate law library, "the legal assistance which was available to [him] was a viable alternative to the requirement of a law library"); *Carter v. Mandel,* 573 F.2d 172, 172–73 (4th Cir. 1978) (legal assistance provided for Maryland prisoners "was constitutionally sufficient" even though "[t]he state ha[d] not established prison law libraries" because the state "operate[d] a public defender program"); *see also Lewis*, 518 U.S. at 351. Indeed, Warfield acknowledges that "[i]t is well settled that prison authorities must provide inmates with adequate law libraries *or assistance from trained individuals*." Pl.'s Opp'n 3 (emphasis added).

Warfield couches his claim in the context of the need to "provide for [his] defense." Compl. 3. And, he insists that, regarding the required "adequate law libraries" or professional assistance,

---

[3] Courts have cited both the due process clause and the First Amendment as a basis for the right. *Compare Procunier v. Martinez,* 416 U.S. 396, 419 (1974), *overruled on other grounds by Thornburgh v. Abbott,* 490 U.S. 401, 413–14 (1989), *with Milhouse v. Carlson,* 652 F.2d 371, 373 (3d Cir. 1981).

3

"[n]either exist[s]." Pl.'s Opp'n 3. Yet, his Complaint and Opposition focus on "the law library" alone as a "fundamental right for inmates," and the importance of "direct access," Pl.'s Opp'n 8; *see* Compl., assertions that the case law does not support. Moreover, for each of the cases in his extensive criminal history with docket entries since Warfield's detention at Harford County Detention Center began, he has had representation by a state public defender.[4] *See* Case Nos. 12-K-17-001675, 2R00114291, 12-K-16-00716, 12-K-16-001210, 12-K-18-000212, 12-K-18-000359, D-025-CR-18-000303.

Further, Warfield has not challenged the adequacy of the representation he has received in any of these cases, and the state court dockets do not contain information suggesting representation may be terminated or that Warfield has moved for self-representation. At best, Warfield declares he is anxious about his upcoming court appearances and expresses a desire to further educate himself as to the legal issues in order to assist court-appointed counsel with his defense. These concerns do not demonstrate a violation of his due process rights or rights under the First Amendment; thus, Warfield is not entitled to the relief he seeks as a matter of law. *See Lewis*, 518 U.S. at 350–51; *Bounds*, 430 U.S. at 828.

Accordingly, Defendants' dispositive motion is granted and the Complaint dismissed by a separate order to follow. Further, dismissal is with prejudice because, in light of the assistance Warfield has received, amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Date: _____

_____ 8/5/2019
Paul W. Grimm
United States District Judge

---

[4] Warfield's criminal history is found on the Maryland Judiciary Case Search cite at http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis? (last reviewed August 5, 2019).